[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs seek a discharge of the mechanics lien placed against their Wolcott home on May 30, 1993 by the defendant. CT Page 6609
After reviewing all of the credible evidence, the court finds probable cause to sustain the validity of the defendant's lien, in the amount of $18,095.00, together with such interest, if any, as may legally accrue thereon.
Probable cause having been established, the plaintiffs must prove, by clear and convincing evidence, the lien's invalidity in order to obtain its discharge. Section 49-35b Conn. Gen. Statutes.
Towards that end, the case of Rene Dry Wall v. StrawberryHill Associates, et al, 182 Conn. 568 (1980), together with Sections 49-33 and 49-36 of the General Statutes are cited as controlling.
The Rene Dry Wall case indicates that when progress payments are made to a general contractor for work performed by a subcontractor and the general contractor fails to pay the subcontractor and ultimately defaults entirely, the party making the payments is protected, provided he has acted in good faith and in a reasonable manner.
In the instant case, the plaintiffs have failed to prove their agreement with their builder/general contractor, Donald Sciarretto.
While no mechanics lien may attach to any building in an amount greater than that which the owner has agreed to pay the general contractor for its construction, Section 49-33 (e) Conn. Gen. Statutes, this provision avails plaintiffs not because neither a signed contract has been produced nor sufficient credible testimony to establish the extent of Sciarretto's obligation to them or their pecuniary obligation to him.
Even though plaintiffs have shown $77,127.00 in payments made to the builder before receiving notice of defendant's mechanics lien, plaintiffs have not produced clear and convincing evidence establishing the agreed upon price for the building being erected.
Similarly, they fail to show that the sums expended, after Sciarretto's default, to complete the house were reasonable. See Section 49-33 (f) of the General Statutes.
In accordance with the foregoing, plaintiff's Application CT Page 6610 for Discharge of Mechanics Lien is denied.
/s/ West, J. WEST